IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. TONY MABRY

**Direct Appeal from the Criminal Court for Shelby County**
**No. 97-08657     Joseph P. Dailey, Trial Judge**

_____

**No. W1999-01438-CCA-R3-CD - Decided June 28, 2000**

_____

The defendant's conviction of Especially Aggravated Robbery is supported by sufficient evidence. The defendant's testimony, together with medical evidence, provided sufficient basis for a jury to find "serious bodily injury."  The defendant's sentence is modified from thirty-two years to twenty-nine years because of misapplication of enhancing factors.

**Tenn. R. App. P.  3 Appeal as of Right; Judgment of the Criminal Court Affirmed as Modified**

WILLIAMS, J., delivered the opinion of the court, in which HAYES and GLENN, JJ.,  joined.

AC Wharton, Kathryn Leslie Mozingo, and Tony N. Brayton, Memphis, Tennessee, for the appellant, Tony Mabry.

Paul G. Summers, Attorney General and Reporter, Clinton G. Morgan, Counsel for the State, William L. Gibbons, District Attorney General, and Jennifer Smith Nichols, Assistant District Attorney, for the appellee, State of Tennessee.

**OPINION**

The defendant, Tony Mabry, appeals from his conviction by a Shelby County jury of one count of  Especially Aggravated Robbery.  After the conviction, the trial court sentenced the defendant as a Range II offender to thirty-nine years in the Department of Correction.  From this conviction and sentence, he now appeals, arguing:
(1) The evidence was insufficient to support the verdict; and
(2) the trial court erred in its application of certain enhancing factors at sentencing.
After careful review, we affirm the conviction of Especially Aggravated Robbery but modify the defendant's sentence to twenty-nine years.

**FACTS**

Late in the night of March 9, 1997, Curtis Sanders, a fifty-five year-old man, stopped at the apartment of Mary Brown.  A repair man, he was to perform some work for her.  When he knocked

at her door, he received no answer from the apartment. But knocking again, he heard a man, the defendant, from upstairs, outside the apartment, saying, "Not at home!" Sanders, familiar with the defendant's face, knew the man as "Tony." Sanders began to walk away.

While leaving, Sanders was approached by this man, "Tony," and another unidentified man. Sanders, surrounded and afraid, was unable to return to his vehicle, and therefore he returned quickly to Brown's door. At this door, he was attacked from behind, hit with a bottle, and kicked into submission by the two men. He attempted to fight back but, in the end, to no avail. The men stole Sanders' money, watch, and beeper and then fled.

The defendant was arrested[1], identified from a photo-array by Sanders, and identified by voice by Mary Brown. Indicted and charged, he was convicted of one count of Especially Aggravated Robbery and sentenced to thirty-nine years. His direct appeal is now before this Court.

## ANALYSIS

### Sufficiency of the Evidence

The defendant first claims that the evidence was insufficient to support the verdict. Specifically, he argues that the evidence adduced at trial does not establish "serious bodily injury" as defined by Tenn. Code Ann. § 39-11-106(34). Accordingly, he argues that his conviction for Especially Aggravated Robbery should be reduced to Aggravated Robbery. We disagree and affirm the conviction.

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. See State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. See State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. Id. This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. See State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 317 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

Reviewing the defendant's claim, we first look to Tenn. Code Ann. § 39-13-401 which sets forth the offense of robbery:

---

[1] The other robber remains unidentified and uncharged.

**Robbery**.---
> (a) Robbery is the intentional or knowing theft of property from the person of
> another by violence or putting the person in fear.

Next, we turn to the instant offense of Especially Aggravated Robbery as defined by Tenn. Code Ann. § 39-13-403:

**Especially Aggravated Robbery**.----
> Especially Aggravated Robbery is robbery as defined in § 39-13-401:
> (1) Accomplished with a deadly weapon; and
> (2) Where the victim suffers serious bodily injury.

Therefore, in this case, in order to convict for Especially Aggravated Robbery the prosecution was required to prove: (1) a robbery, (2) the use of a deadly weapon, and (3) the infliction of serious bodily injury.

Sufficient proof of the robbery is clear: The victim testified that he was approached, put in fear, attacked, beaten into submission, and then robbed of his money and watch. Sufficient proof that a deadly weapon was used is also clear: The victim testified that he was struck with a glass bottle in the back of the head and neck. A glass bottle so used is a "deadly weapon." See Tenn. Code Ann. § 39-11-106(a)(5)(B). Therefore, the only remaining issue, and the one issue the defendant now argues, is whether the prosecution proved the existence of "serious bodily injury."

"Serious bodily injury" is defined by Tenn. Code Ann. § 39-11-106(34) as bodily injury which involves:
> (a) A substantial risk of death;
> (b) Protracted unconsciousness;
> (c) Extreme physical pain;
> (d) Protracted or obvious disfigurement; or
> (e) Protracted loss or substantial impairment of a function of a bodily member, organ or
> mental faculty.

Bodily injury, on the other hand, includes "a cut, abrasion, bruise, burn or disfigurement; physical pain or temporary illness or impairment of the function of a bodily member, organ or mental faculty." Tenn. Code Ann. § 39-11-106(a)(2). While the assignment of a precise legal definition to what constitutes "serious bodily injury" is implausible, we do know that the injury must be of a greater and more serious character than that involved in a mere "simple assault," resulting in "bodily injury." See State v. Barnes, 954 S.W.2d 760, 765 (Tenn. Crim. App. 1997). Moreover, the determination of whether an "injury" constitutes "serious bodily injury" or "bodily injury" is a question of fact for the jury and not one of law. Id. at 765-66.

In the present case, the victim described his injuries as follows:
> My cheeks – from what the doctor explained to me, they were crushed in. . . . My top

gum broken loose. Which my gold tooth was hanging, too, but the top gum was broken loose. . . . So they had to wire my mouth up. It's not right now.

. . .

. . . I had stitches under one of my eyes.

. . .

They put stitches because all that whole lip was pulled loose on there along with the gums so they put stitched up under my lip.

. . .

And plus whenever I bend, I feel like everything is just going to blow up, you know, from the pressure. You know, you bend over – if you got a headache, bending, over makes it worse. . . .

. . .

[Y]ou got an eyeball socket . . . Anybody can take their hand and feel here, and you feel both sides. This one is split. Got a bone sticking up to where this was crushed at. And this tooth here, it's still loose. I've been trying to hang on to it. The doctor told me I need to pull it out, but it's bluish up on the top of there right now. But I'm betting I'm going to have to take it out. And every so often, sharp pains go through there like somebody cutting with a knife . . . . And I can't never raise that top lip up like I normally can because it's still sore deep down in there. It's sore. It's sore. I'm still puffed really.

. . .

When that happened to me, it was mostly in the left eye now; but it is some in the right one. But mainly in the left eye. It's like you see circles, spots, and like spider webs. You know, that's the best I can – like clouds – cloudy like over that eye. . . . [T]he doctor told me, well, when you get up in your age, that's going to come anyway. But it wasn't there until this happened. . . .

There is no doubt from this testimony that the victim suffered multiple injuries from the attack. The victim's testimony establishes that, since the assault, he has suffered impairment to his vision. Although the victim attempted to discount the visual impairment by admitting that similar symptoms were more than likely to occur with age, such statements by the victim do not render the evidence insufficient to establish a protracted or substantial impairment of a bodily member or organ. See, e.g., Sutton v. State, 714 N.E.2d 694, 696 (Ind. App. 1999) (victim's testimony minimizing extent pain and suffering does not nullify finding of serious bodily injury). While there may be a slight question as to whether the impairment resulted from the assault or from the victim's age, the victim testified that he suffered no impairment until the incident. Moreover, the question on this issue is within the province of the jury as the trier of fact. We cannot say that the jury verdict was so against the overwhelming weight of the evidence as to be manifestly unjust. Accordingly, we find the evidence sufficient to support a conviction for Especially Aggravated Robbery beyond a reasonable doubt.

**Sentencing**

-4-

Next, we address sentencing issues. The trial court, as provided by Tenn. Code Ann. § 40-35-114, found six enhancing factors:

(1) A defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;

(2) the defendant was a leader in the commission of an offense involving two or more criminal actors;

(4) a victim of the offense was particularly vulnerable because of age or physical or mental disability;

(10) the defendant had no hesitation about committing a crime when the risk to human life was high;

(13) the offense was committed while on release status from a prior felony conviction; and

(18) a victim, under § 39-15-402, suffered permanent impairment of either physical or mental functions as a result of the abuse inflicted.

The defendant argues that the trial court erred in its application of enhancing factors (2), (4), (10), and (18).[2]

This Court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. See Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. See State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is de novo. See State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. See Fletcher, 805 S.W.2d at 789.

In this case, the trial court's sentencing determination is not entitled to the presumption of correctness because the trial court erred in applying Tenn. Code Ann. § 40-35-114(2), (4), (10), and (18). Factor (2) is not supported by the record. That is, it is very difficult to surmise from that record whether in fact the defendant was the "leader" in this offense. The two men appeared to act in concert: Both surrounded the victim, both beat the victim and both robbed the victim. No additional evidence highlighting the defendant's role as "leader" was adduced. As regards factor (10), no testimony supports its application. Finally, factor (18) is clearly inapplicable.

As for defendant's argument that factor (4) was also applied inappropriately, this Court

---

[2] The defendant does not argue the application of factors (1) and (13).

acknowledges that the issue is close and chooses not to apply factor (4). The testimony did not establish that the victim was overcome due to his particular vulnerability. In fact, as the victim was attacked by two men from behind with a deadly weapon, it is not clear that any "vulnerability" came into play. See, e.g., State v. Poole, 945 S.W. 2d 93, 96-98 (Tenn. 1997).

Therefore, this Court is left with enhancing factors (1) and (13), which were found by the trial court and appropriately applied. Balanced against these are no mitigating factors. Weighing the enhancing factors, we modify the defendant's Range II sentence to twenty-nine years.

## CONCLUSION

Accordingly, we affirm the conviction of Especially Aggravated Robbery but modify the defendant's sentence to twenty-nine years.